UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE FIORENTINO,

Plaintiff,

v.

B. HAVRON, J.E. PETERSON,
M. CIESIEKI, S.M. PEDERSON,
JOHN DOE, WAYNE SMITH,
G.L. HERSHBERGER, and
HARRELL WATTS,

Defendants.

Civil No. 01-1222 (DSD/FLN)

**ORDER**

Plaintiff, a prisoner at the Federal Correctional Institution in Pekin, Illinois, has filed a complaint seeking relief for alleged violations of his rights under federal law and the Constitution. (Docket No. 1.) Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 3 and 4.) By order dated August 20, 2001, (Docket No. 5), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 6), and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that he will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid

FILED 9-20-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

balance of the filing fee, (in this case $136.00), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Marshal service will therefore be ordered on the named Defendants. However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, together with an extra copy of the complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If it is Plaintiff's intention that the miscellaneous "exhibits" he has filed, (Docket No. 2), should be treated as part of his complaint, he will have to submit a copy of those exhibits with each copy of the complaint to be served on the defendants.

If Plaintiff does not satisfy the requirement of this order by October 12, 2001, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285), and an extra copy of the Complaint. (Form USM-285 will

be provided by the Clerk's office upon request.)

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket Nos. 3 and 4), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, ($136.00), in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before October 12, 2001, Plaintiff shall file one completed Form USM-285 and one extra copy of the complaint -- with exhibits, if the exhibits are to be treated as part of the complaint -- for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of his complete pleading;

5. A copy of this order shall be served by the Marshal with the summons and complaint; and

6. Those Defendants on whom service of process is effected shall be required to file a response to Plaintiff's complaint.

Dated: September 19, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge