UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

George Fiorentino,

Plaintiff,

v.

B. Havron, J.E. Peterson,
et al.,

Defendants.

Civil 01-1222 JEL/FLN

**REPORT AND RECOMMENDATION**

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss [Docket #16]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court will recommend that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff, Mr. George Fiorentino ("Plaintiff" or "Mr. Fiorentino"), Federal Register No. 07127-041, initially an inmate at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth") was transferred to the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin"). Plaintiff filed a 55 page 114 paragraph complaint, arising from alleged injuries caused by conditions of his confinement. Though unclear, it appears, Plaintiff specifically seeks a Declaratory Judgment, Injunctive Relief and Monetary Damages. He alleges: (1) inadequate access to the Court and/ or Attorney; (2) denial of access to counsel in retaliation for utilizing administrative remedy process; (3) issuance of numerous incident reports in retaliation for utilizing the administrative remedy process and/or receiving a disciplinary transfer in retaliation for utilizing the administrative remedy

FILED [illegible] 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

process; (4) living conditions in segregation were cruel and unusual; (5) denial of a visit in retaliation for utilizing the administrative remedy process; and (6) loss of personal property due to prison staff not using reasonable care in securing personal property.[1] Defendants now bring this motion to dismiss. For purposes of this motion, the facts are viewed in the light most favorable to Plaintiff. See Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993).

Plaintiff is currently serving a 130 month sentence for Conspiracy to Possess With Intent to Distribute Methamphetamine, in violation of Title 21 U.S.C. § 841 (a)(1). His projected release date is June 29, 2005. The allegations which generated the Complaint in this action began while Plaintiff was housed at FPC Duluth, where he claims he was the subject of several frivolous incident reports, harassment, and ridicule as a result of his utilization of the process for administrative remedies. In addition, Plaintiff claims he was denied access to the courts and his attorneys. Plaintiff also claims that: Defendants failed to properly oversee staff, he was retaliated against, he was labeled litigious, he was harassed by the staff, and he was improperly denied visitation and administrative remedies. He further contends his security level was fraudulently increased in order to improperly transfer him to his current location, FCI Pekin, which is a more secure institution. He alleges being placed in the Special Housing Unit in violation of his due process rights, and while there he was denied various personal items.

Defendants seek dismissal on the grounds that: (1) Plaintiff has not exhausted his administrative remedies concerning all the issues raised in the Complaint; (2) Defendants are entitled

---

[1]The Complaint is a mass of confusing and unorganized statements that do not clearly articulate the claims Plaintiff asserts here. Following the summary set forth on pages 1-3 of Plaintiff's Verified Memorandum in Opposition to Federal Defendants' Motion to Dismiss, the Court has attempted to address all the issues identified in the Complaint.

to qualified immunity; (3) the Court lacks personal jurisdiction over Defendants Hershberger and Watts; and (4) Plaintiff has failed to state a claim for which relief can be granted.

## II. STANDARD OF REVIEW

The court is limited to considering the allegations of the complaint, must take those allegations as true, and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on . . . material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir. 1988); Baxley-DeLamar Monuments Inc. v. American Cemetery Ass'n, 843 F.2d 1154 (8th Cir. 1988).

A court should afford a pro se litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). Pro se plaintiffs must,

however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss. "The complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

## III. DISCUSSION

### A. Defendants' Motion to Dismiss on Exhaustion Grounds Should Be Granted.

With regard to many of the claims asserted in Plaintiff's Complaint, Defendants contend that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). These unexhausted issues include:

1. Plaintiff's claim that the 300 minutes telephone limitation per inmate, per month at FCI Pekin has violated his constitutional rights to access the courts;

2. Plaintiff's claim that FPC Duluth Warden, Gregory Hershberger, the North Central Regional Director, and Harrell Watts, the National Inmate Appeals Administrator improperly denied Plaintiff's administrative remedies, and failed in their administrative oversite duties;

3. Plaintiff's claim that he was improperly denied a social visit from his ex-wife, and his retaliation claims related to this visit;

4. Plaintiff's claim that he was given a disciplinary transfer to FCI Pekin as a result of retaliation;

5. Plaintiff's claim that personal property was lost or stolen as a result of staff's failure to use reasonable care in securing it;

6. Plaintiff's claim that he was denied due process when he was placed in administrative detention while investigation was pending for fighting with another inmate.

"Congress intended Section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in federal court.'" Alexander, 159 F.3d at 1324.

42 U.S.C. § 1997e(a) was enacted in 1996 as part of the PLRA. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This statute establishes, unequivocally, that prisoners must exhaust their available administrative remedies before pursuing a federal court action based on the conditions of confinement. See Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002), McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). See Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 1999 WL 424311 at *3 (7th Cir. 1999) (the exhaustion requirement established by § 1997e(a) "can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit").

The exhaustion requirement prescribed by § 1997e(a) does not apply to every prisoner action; it applies only to actions brought with respect to prison conditions under 42 U.S.C. § 1983 or other federal laws, by a prisoner confined in any jail, prison or other correctional facility. There seems to be no doubt or dispute, however, as to whether § 1997e(a) is applicable to the claims that Plaintiff is seeking to litigate here. He was (and still is) confined in a correctional facility. The caption of his Complaint explicitly states that he is seeking relief under 42 U.S.C. § 1983, or Bivens claims and he obviously is contending that Defendants should be held liable for violating his rights under federal law and/or the Constitution. It also is clear that his claims, which involve disciplinary procedures, visitation, telephone access to the courts and security classifications are "brought with

respect to prison conditions." See Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir.) cert. denied, 119 S.Ct. 88 (1998) (applying § 1997e(a) where prisoner's claims included denial of access to the courts, and interference with legal mail, among others); Alexander v. Hawk, 159 F.3d 1321, 1322 (11th Cir. 1998). The Court concludes that § 1997e(a) is applicable to the claims that Plaintiff is attempting to present here.

The Eighth Circuit Court of Appeals has identified at least four valuable objectives that are generally promoted by an exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency, (in this case the prison), might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies (and prison officials). Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. See Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976); McCarthy v. Madigan, 503 U.S. 140, 145 (1992). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits.

To satisfy requirements of § 1997e(a), a prisoner "must allege . . . that [he] . . . exhausted all available . . . administrative remedies" and "should attach to his §1983 complaint the administrative decision, if it is available, showing the [final] administrative disposition of his complaint." Brown, 139 F.3d at 1104. In this case Plaintiff has included several copies of and receipts from many Administrative Remedies he sought, however as the Defendants have pointed out, many of the issues alleged in the Complaint were not addressed through the Administrative Remedy process. It is obvious to the Court that Plaintiff is acutely aware of the full process involved in seeking

Administrative Remedy, as he has used the complete process on more than one occasion.

At the time he filed the instant action, Plaintiff had failed to even initiate the informal grievance process with respect to the six claims. With respect to these six claims, he also failed to attach the required documentation purporting to show completion of any part of the process to his Complaint. See McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000).

Plaintiff offers no excuse for failing to satisfy the exhaustion requirement. As Plaintiff has failed to exhaust his administrative remedies with respect to several issues he seeks to litigate, the appropriate remedy is to dismiss the complaint without prejudice, even if he has exhausted his administrative remedies with respect to some other claims.[2] Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000). Plaintiff's complaint should be dismissed without prejudice.

**B. Defendants' Smith, Hershberger and Watts Are Entitled to Dismissal With Prejduice.**

Plaintiff claims that defendants deprived him of his Constitutional rights and violated various United States statutes and regulations, entitling him to relief under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Federal Defendants' Smith, Hershberger, and Watts contend that the Complaint should be dismissed on grounds that they are protected by sovereign immunity and that the theory of respondeat superior is inapplicable to this Bivens claim.

Sovereign immunity bars the complaint against the United States. The United States cannot be sued without its consent. See United States v. Lee, 106 U.S. 196 (1882). A waiver of sovereign immunity must be unequivocal and cannot be implied. See United States v. King, 395 U.S. 1, 2 (1969). Unless consent to suit has occurred, courts lack subject-matter jurisdiction. See United

---

[2] Plaintiff may have exhausted his administrative remedies with respect to some of his claims. See Declaration of Mary Benning. ¶6

States v. Testan, 424 U.S. 392, 399 (1976). The United States has not waived its sovereign immunity for Bivens-type lawsuits. See Bivens, 403 U.S. at 410; United States v. Shaw, 309 U.S. 495 (1940); Keene Corp. v. United States, 700 F.2d 836 (2d Cir. 1983). Sovereign immunity prevents any claims from succeeding against the United States federal government. Under Bivens, actions can only be brought against individual agents of the Government; not the government itself, nor any of its associated agencies or independent entities. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982). Defendants' Smith, Hershberger, and Watts are named in both their official and unofficial capacity.

A lawsuit against an individual acting in an official capacity is a suit against the United States. See Kentucky v. Graham, 473 U.S. 159, 167 (1985). Since defendants were sued in an official capacity and the United States is the real party in interest, sovereign immunity should be applied, and claims should be dismissed. See Fed. R. Civ. P. 12(b)(1). See Kolar v. County of Sangaman, 756 F.2d 564, 558 (7th Cir. 1985). Accordingly, the claims against Federal Defendants Smith, Hershberger, and Watts acting in their official capacity should be dismissed for lack of jurisdiction.

Additionally, in Bivens, the Supreme Court held that damages could be maintained against federal officials in their individual capacity for violations of the Constitution. Individual capacity suits involve actions taken by governmental agents outside the scope of their official duties whereas official capacity suits typically involve either allegedly unconstitutional governmental policies or unconstitutional actions taken by governmental agents possessing final authority over a particular decision. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). A plaintiff must make a showing that the supervisory official had direct responsibility for the improper conduct alleged in the

complaint. See Rizzo v. Goode, 423 U.S. 362 (1976); Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982), accord Rasmussen v. Larson, 863 F.2d 603, 605 (8th Cir. 1988); Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir. 1986). Only a judgment against a public servant in his individual capacity will expose him or her to compensatory and punitive damages. Personal involvement of the named defendants is an essential element of a Bivens action because the doctrine of respondeat superior does not apply to a Bivens action. See Laswell, 683 F.2d at 268. One cannot be held liable for another's act simply because he or she supervises one who is alleged to deprive a Plaintiff of a constitutional right. See Johnson v. State of Nebraska, Dept. of Corr. Serv., 806 F. Supp. 1412, 1420 (8th Cir. 1992).

Here, the Complaint is devoid of actual allegations that specifically involve Defendants Smith, Hershberger or Watts in conduct that could be identified as personal, and unrelated to the official position each supervisor holds. Additionally none of the actions taken would violate the Plaintiff's constitutional rights, apart from their denial of the informal requests, and administrative remedies. These Defendants were named solely due to their supervisory positions.

For the reasons discussed above, the Court finds Federal Defendants' Smith, Hershberger, and Watts are protected because the theory of respondeat superior is inapplicable to this Bivens claim and their motion to dismiss should be granted.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [#16]:

1. Be **GRANTED WITHOUT PREJUDICE**;

2. Be **GRANTED WITH PREJUDICE** as to Defendants Smith, Hershberger and Watts.

DATED: Aug 15, 2002.

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.